# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

May 29, 2020

LETTER TO COUNSEL

    RE:    *Larry C. v. Saul*
           Civil No. DLB-19-1438

Dear Counsel:

    On May 16, 2019, Plaintiff Larry C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1.  I have considered the parties' cross-motions for summary judgment, and Plaintiff's response.  ECF No. 13 ("Pl.'s Mot."), ECF No. 15 ("Def.'s Mot."), ECF No. 16 ("Pl.'s Resp.").  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration.  This letter explains my rationale.

    Plaintiff filed his claim for benefits on February 17, 2015, alleging a disability onset date of July 31, 2013.  Administrative Transcript ("Tr.") 15, 65.  His claim was denied initially and on reconsideration.  Tr. 83-86, 88-89.  A hearing was held on February 9, 2018, before an Administrative Law Judge ("ALJ").  Tr. 31-64.  Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 15-26.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

    The ALJ found that Plaintiff suffered from the severe impairments of "sleep apnea; migraines; anemia; and irritable bowel syndrome (IBS)."  Tr. 18.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

    perform medium work as defined in 20 CFR 404.1567(c) except [he] could frequently climb ladders, ropes, or scaffolds; could occasionally balance; could not have exposure to very loud noise; could have frequent exposure to weather and outside atmosphere; and use the dominant arm to frequently reach in all directions.

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 2

Tr. 20.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as an airplane flight attendant supervisor as generally performed.  Tr. 22-24.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 25.

Plaintiff raises one primary argument on appeal: that the ALJ's RFC assessment was not supported by substantial evidence.  Pl.'s Mot. 7-23.  Specifically, Plaintiff argues (1) that the ALJ "failed to provide an adequate narrative discussion describing how the evidence supports each conclusion in the RFC," *id.* at 8, and (2) that the ALJ "erred in evaluating the opinion evidence from Plaintiff's treating physicians," *id.* at 17.  I agree.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

<u>The ALJ's RFC assessment lacks an adequate narrative discussion</u>

First, Plaintiff argues that the ALJ's discussion of the evidence does not support the RFC limitations.  "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3.  The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p).  "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'"  *Woods v. Berryhill*, 888 F.3d, 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  A proper narrative is necessary for judicial review.  *See Geblaoui v. Berryhill*, Civil No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) ("Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence.").  Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Here, Plaintiff argues that the ALJ failed to explain how the evidence supported his conclusion that Plaintiff could perform a range of medium work with postural and environmental limitations, and that the ALJ's discussions of three of his severe impairments – anemia, migraines, and IBS – contained erroneous and unsupported statements.  Pl.'s Mot. 7-17.

Regarding Plaintiff's anemia, the ALJ noted:

[T]he claimant has diagnosed anemia.  Clinical testing shows that the claimant has a B-12 deficiency and thrombocytopenia.  However, treatment reports indicate that the only related symptom he reports is fatigue.  There is no medical evidence of bruising, bleeding, mouth blisters, or other symptoms.  Further, he receives conservative treatment via monthly B-12 injections that replete his B-12 levels.

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 3

Tr. 22 (internal citations removed).  Plaintiff argues that "[f]atigue *is* a significant symptom" and notes that "[t]he ALJ acknowledged that Plaintiff alleged 'chronic fatigue, lack of energy, and difficulty motivating, due to his B-12 deficiency.'"  Pl.'s Mot. 9-10 (quoting Tr. 21).  Plaintiff also argues that the lack of "bruising, bleeding, mouth blisters, or other symptoms" does not cancel his symptom of fatigue.  *Id*. at 10.  Regarding his "conservative treatment," Plaintiff points out that the record documents that the B-12 injections did not help improve his fatigue.  *Id*.; *see* Tr. 405, 407.

In response, the Commissioner points out that the ALJ considered Plaintiff's allegations, including his allegation that he experienced fatigue as a symptom of his anemia.  Def.'s Mot. 12 (citing Tr. 21).  This may be true, but it is unclear from the record whether the ALJ then found that Plaintiff did not suffer from the degree of fatigue alleged or whether Plaintiff's fatigue did not affect his ability to perform work activities.  If either of those were the ALJ's findings, it is further unclear what evidence he used in making them.

Plaintiff next challenges the ALJ's discussion of his migraines and argues that the ALJ incorrectly summarized the evidence.  Pl.'s Mot. 11-15.  The ALJ stated:

> The claimant has migraine headaches. A brain MRI shows a few nonspecific T2/flair hyperintense foci within the bifrontal periventricular/subcortical white matter, but no significant abnormalities.  Radiology notes indicate that these findings suggest "multiple etiologies such as migraine headaches, small vessel ischemic changes, or vasculitis to name a few."  Treatment reports show that he reports having migraines once a week with associated photophobia, phonophobia, and nausea, and examinations indicate he occasionally exhibits an abnormal vertical gaze. In 2017, Dr. Shimellis Alemayehu, M.D., the claimant's neurologist, submitted a report that states the claimant has "very frequent prostrating and prolonged" migraine headache pain.  However, the claimant consistently presents as alert and fully oriented, with no associated or residual neurological deficits, and does not report any migraine-related vomiting, visual aura, sensory changes, or other pertinent physical signs or complications.  Moreover, the record shows that he receives only conservative treatment via prescribed medications, which notes indicate effectively control his migraines.

Tr. 21 (internal citations removed).  Plaintiff points out that the "record indicates significant treatment for his migraine headaches" and that the ALJ's conclusion that his prescribed medications effectively controlled his migraines was "false."  Pl.'s Mot. 12.  Plaintiff identifies record evidence that he was having about four to five migraines per month in 2016 and 2017, and that medications were not effective.  *Id*. at 13; *see* Tr. 898 ("The frequency, intensity and duration of the headache have not been satisfactorily modified with preventive and rescue medication."); Tr. 904 ("Headache intensity may reach 7-8/10 despite a timely use of Imitrex and stays for 4-5 hrs.  He stated Imitrex lessen[s] the intensity of the headache but duration is unchanged. Headache frequency is about 5 a month.").  Plaintiff further argues that to the extent the record shows improvement with his migraines, it still supports a frequency of about one prostrating migraine per

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 4

week. Pl.'s Mot. 13; *see* Tr. 308. Plaintiff argues that the record demonstrates that Plaintiff would experience migraine-related absences about once per week and that the ALJ did not explain his contrary conclusion. Pl.'s Mot. 14 (noting that the VE testified that there would be no competitive work for an individual with more than two absences per month on an ongoing basis). Finally, the ALJ's statement that Plaintiff did not report migraine-related symptoms is negated by his own summary of Plaintiff's treatment records. *See* Tr. 21 ("Treatment records show that he reports having migraines once a week with associated photophobia, phonophobia, and nausea.").

Plaintiff challenges the ALJ's discussion of his IBS for similar reasons. Pl.'s Mot. 15-17. The ALJ offered the following discussion of Plaintiff's IBS:

> The medical record shows the claimant has a diagnosis of irritable bowel syndrome (IBS). According to treatment notes, he reportedly began having more frequent diarrhea following an EGD, colonoscopy, and removal of colon polyps in 2013. In 2014, biopsies from his small bowel, gastric antrum, cecum, rectum, and colon showed duodenal mucosa and colorectal mucosa with no significant pathologic abnormalities, and antral-type mucosa with mild chronic gastritis. These biopsies revealed no evidence of collagenous or lymphocytic colitis, inflammatory bowel disease, h. pylori, or active inflammation. A colonoscopy also showed recurring internal hemorrhoids, diarrhea, and colon and rectal polyps, and an esophagogastroduodenoscopy revealed antral gastritis and a hiatal hernia, but otherwise normal findings. Examinations show he occasionally exhibits mild, diffuse abdominal tenderness. In 2017, a treatment report submitted by Dr. Atul R. Shah, M.D., a treating provider, indicates that the claimant has episodes of bowel disturbance with more or less constant abdominal distress, chronic diarrhea with occasional constipation, and bloating with abdominal cramps. However, Dr. Shah also notes that the claimant has no associated weight loss, malnutrition, or serious complications, and examinations consistently show that the claimant has normal bowel sounds and normal abdominal examinations. He receives conservative treatment through prescribed medications and soluble fiber, which he reports do not effectively control his symptoms. However, treatment notes consistently show that he does not follow medical advice with regard to his diet. Food logs show that he regularly eats fast food, pizza, and cheese, despite reporting that he is lactose intolerant, and indicate that he reports having diarrhea or no bowel movement following intake of this food. When he has healthier, balanced meals, he reports normal bowel movements.

Tr. 22 (internal citations removed). Plaintiff calls the ALJ's analysis "faulty" because the "fact that Plaintiff had normal bowel sounds and no malnutrition or weight loss does not mean he did not have constant abdominal distress and chronic diarrhea." Pl.'s Mot. 16 (pointing out that "[l]imitations that would logically follow" from constant abdominal distress and chronic diarrhea include "the need to be off task, the need to be absent from work, or at a minimum a limitation of ready-access to a restroom").

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 5

Plaintiff also argues that the ALJ's statement that he had normal bowel movements when he ate healthier meals is "false." *Id.* For support, the ALJ cited generally to Exhibit 3F. Tr. 22. Exhibit 3F is 238 pages. A review of Exhibit 3F shows treatment records noting diarrhea, abdominal pain, and IBS, but they do not show that Plaintiff "consistently" did not follow medical advice or that he reported normal bowel movements when he ate "healthier" meals. *See, e.g.*, Tr. 579 (July 2014 treatment record noting diarrhea and abdominal pain "not assoc[iated] w[ith] any particular food or movements"); Tr. 594 (June 2014 treatment record noting that it was "[d]ifficult to determine if there is a dietary component to pt's bloating/loose stool since there does not seem to be any patterns regarding food intake and GI [symptoms]," and noting that Plaintiff was "advised to begin a strict food and symptom journal"); Tr. 607 (April 2014 treatment record noting abdominal pain and diarrhea, "etiology unclear though poss[ibly] food-related or poss[ibly] somehow related to history of recurrent duodenal adenoma"); Tr. 720-23 (Plaintiff's food log noting bowel movements and blood pressure readings; no physician notes).

The Commissioner attempts to defend the ALJ's discussion of Plaintiff's IBS by repeating the ALJ's statements. *See* Def.'s Mot. 14. He does not point to specific record evidence that would support the ALJ's statements that Plaintiff did not follow medical advice or that he had normal bowel movements when he ate "healthier" meals. *See id.* (citing generally to Exhibit 3F, Tr. 502-739).

I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Here, I agree with Plaintiff that the ALJ did not explain how the evidence he cited supported a finding that Plaintiff could perform medium work with additional postural and environmental limitations. Moreover, I agree with Plaintiff that the ALJ's discussions of his anemia, migraines, and IBS contain statements unsupported by the record. Therefore, the ALJ failed to build the necessary "logical bridge" between the evidence and his conclusion about Plaintiff's RFC, and I am unable to review whether the ALJ's decision was supported by substantial evidence.

<u>The ALJ improperly discounted the medical opinions of Plaintiff's treating physicians</u>

Plaintiff next challenges the ALJ's evaluation of the opinions of Plaintiff's treating physicians. Pl.'s Mot. 17-23. Under 20 C.F.R. § 404.1527(c),[1] an ALJ is required to "give good reasons . . . for the weight [he] give[s] [a claimant's] treating source's medical opinion." An ALJ will consider the length and nature of the treatment relationship, *id.* 404.1527(c)(2)(i)-(ii), and whether the opinion is supported, "particularly [by] medical signs and laboratory findings"; whether the opinion is consistent with the record as a whole; whether the opinion is "related to his

---

[1] 20 C.F.R. § 404.1527 applies to claims filed before March 27, 2017. It was replaced by § 404.1527c for claims filed on or after March 27, 2017. Plaintiff's claim was filed in 2015.

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 6

or her area of specialty"; and any other relevant factors. *Id*. 404.1527(c)(3)-(6). "An ALJ need not apply [the] factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion." *Spitzbarth v. Comm'r, Soc. Sec. Admin*., No. ADC-17-2934, 2018 WL 4705784, at *5 (D. Md. Sept. 28, 2018). The ultimate finding of disability is a finding reserved to the Commissioner. *Id*. 404.1527(d)(1) ("A statement by a medical source that [a claimant] is 'disabled' or 'unable to work' does not mean that [the SSA] will determine that [he] [is] disabled.").

> Here, the ALJ discounted both of Plaintiff's treating physicians' opinions:

> The undersigned gives little weight to the opinion provided by Dr. Shah in November 2017, that the claimant's intestinal condition impacts his ability to work. However, this statement is an effective pronouncement of disability, which is a finding reserved to the Commissioner.

> The undersigned gives little weight to the opinion provided by Dr. Alemayehu in November 2017, that the claimant's migraines impact his ability to work. However, this opinion amounts to an effective pronouncement of disability, and that finding is reserved to the Commissioner.

Tr. 24- 25.

Regarding Plaintiff's IBS, Dr. Shah noted that Plaintiff experienced "chronic diarrhea with occasional constipation" and "constant bloating with abdominal cramps" with "more or less constant abdominal distress." Tr. 916. Dr. Shah also noted that "working with these symptoms would be extremely difficult at best." Tr. 918. Regarding Plaintiff's migraines, Dr. Alemayehu's opinion noted that Plaintiff's migraines were accompanied by dizziness and "visual floaters," followed by "a pounding pain over the temples with a pain index of 10/10" and "nausea, sensitivity to light and sound." Tr. 919. Dr. Alemayehu also indicated that Plaintiff's "[p]ain worsens with physical activity" and that his "prostrating attacks of headache pain" occurred "[m]ore frequently than once per month." Tr. 919-20. Dr. Alemayehu checked the "yes" box in response to whether Plaintiff's symptoms would "impact his or her ability to work." Tr. 921.

The Commissioner attempts to support the ALJ's treatment of the opinions of Dr. Shah and Dr. Alemayehu by repeating the ALJ's inadequate and inaccurate statements of Plaintiff's IBS and migraine symptoms and treatments. *See* Def.'s Mot. 17-18. The Commissioner makes no attempt to explain how the ALJ complied with 20 C.F.R. § 404.1527(c), which requires an ALJ to "give good reasons . . . for the weight [he] give[s] [a claimant's] treating source's medical opinion." Giving their opinions little weight because they were "effective pronouncement[s] of disability," Tr. 24-25, ignores their relationship with Plaintiff and the substance of their opinions, which went beyond "effective pronouncements of disability."

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 13 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 15, is DENIED. Pursuant to sentence four

*Larry C. v. Saul*
Civil No. 19-1438-DLB
May 29, 2020
Page 7

of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge